ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MIGUEL PADILLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CV 304-011 |
| v. ) | |
| ) | |
| MICHAEL V. PUGH, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced the above-styled case pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). The matter is now before the Court on Defendants' motion for summary judgment. (Doc. no. 18). Plaintiff has filed a response. (Doc. no. 27). For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion (doc. no. 18) be **GRANTED**, that Plaintiff's claims against Defendants be **DISMISSED**, that an appropriate judgment of dismissal be **ENTERED** in favor of Defendants, and that this civil action be **CLOSED**.

### I. STATEMENT OF FACTS

A.  **Plaintiff's Version of the Events**

While incarcerated at McRae Correctional Facility ("McRae") in McRae, Georgia, Plaintiff lost a gold chain.[1] (Doc. no. 2, p. 5). In fact, Plaintiff believes that Defendant

---

[1] At the time this suit was commenced, Plaintiff was an inmate at McRae. He was later transferred to the Federal Correctional Institution in Oakdale, Louisiana; the docket indicates that he was subsequently deported and now resides in Cordoba, Columbia.

Carter stole the chain, although he offers nothing to substantiate this claim except to point out that Defendant Carter was one of several McRae employees who had access to his property during the period of time in which the chain was lost. (Doc. no. 27, pp. 2, 8-10). After losing the chain, Plaintiff filed a claim for lost or stolen property, and McRae administrators offered him a settlement check of $50.00. (Doc. no. 2, pp. 26, 29). Plaintiff maintains that this amount is grossly inadequate because the chain was actually worth $350.00. (Id. at 6). In addition, Plaintiff states that the maximum reimbursable amount at McRae is $100.00, and that this limit is itself an inadequate remedy. Plaintiff also complains that Defendants acted unfairly when they determined that, because the chain was twenty-four (24) to thirty-five (35) months old, the $100.00 limit should be depreciated by fifty (50) percent in his case.

In sum, Plaintiff maintains that Defendants are responsible for a deprivation of his property in violation of the Due Process Clause of the Fifth Amendment. (Doc. no. 2, p. 8).

### B. Defendants' Version of the Events

Defendants agree that Plaintiff possessed a gold chain, which was packaged with his other personal property when he was "assigned to segregation for a disciplinary infraction." (Defs.' Ex. B, pp. 1-2 (attached at doc. no. 21, pp. 6-7)). Defendants also admit that the chain was later lost, although Defendant Carter denies stealing it. (Id.). Defendants further maintain that nothing in Plaintiff's inmate files, which include inmate property forms, demonstrate that he owned anything valued at over $100.00. (Defs.' Ex. K, pp. 1-2 (attached at doc. no. 21, pp. 22-23)). Finally, Defendants maintain that the $50.00 settlement offer conforms with McRae's policies, which indicate: 1) the maximum reimbursable amount for lost property is $100.00; and 2) in evaluating lost property claims, a depreciation schedule

2

is used, such that property between twenty-four (24) and thirty-five (35) months old is reimbursed at fifty (50) percent of the item's original value or of the maximum reimbursable value, whichever is less.[2] (Defs.' Ex. U, p. 3 (attached at doc. no. 21, pp. 45-49)).

Citing Parratt v. Taylor, 451 U.S. 527, 541 (1981), Defendants argue that Plaintiff's due process rights were not violated and that he has no cognizable Fifth Amendment claim.[3] (Doc. no. 19, p. 3). Instead, Defendants argue that Plaintiff has an adequate state remedy in the Georgia courts, which remedy satisfies the Due Process Clause. (Id.). Simply put, Defendants contend that Plaintiff has no claim and they are entitled to judgment as a matter of law.

---

[2]These lost property policies are those of the Corrections Corporation of America ("CCA"). (See Defs.' Ex. U). McRae is a private prison, run by CCA, which houses federal prisoners by contract with the Bureau of Prisons. Defendants are employees of CCA.

[3]In actuality, Defendants have classified this case as brought pursuant to 42 U.S.C. § 1983, rather than Bivens, and described Plaintiff's claims as arising under the Due Process Clause of the Fourteenth Amendment. (Doc. no. 19, p. 3). This misnomer is understandable--at various points in this litigation, Plaintiff has attempted to characterize his claims as arising under both Bivens and § 1983. (See doc. no. 2, p. 2 (citing both Bivens and § 1983 as sources of jurisdiction)). However, as the presiding District Judge in this case, the Honorable Dudley H. Bowen, Jr., has made clear, it is only Plaintiff's Bivens claims that have survived screening under 28 U.S.C. § 1915A. (See doc. no. 28). Of course, there is very little distinction between Bivens and § 1983 actions as a general matter. See Smith ex. rel. Smith v. Siegelman, 322 F.3d 1290, 1297 n.15 (11th Cir. 2003)("A Bivens action is analogous to § 1983 suits against state and local officers.") In fact, for most purposes the two types of actions are synonymous; for example, the same constitutional injuries are actionable under both Bivens and § 1983, and the immunities provided federal officials in Bivens actions are coextensive with those provided state officials in § 1983 actions. Bolin v. Story, 225 F.3d 1234, 1241 (11th Cir. 2000). Thus, "as a general matter federal courts incorporate § 1983 law into Bivens actions." Id. at 1242. That having been said, the two actions are not identical, and the Supreme Court has indicated that they should not be mindlessly conflated. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 72-74 (2001). Accordingly, as discussed *infra*, the Court must address whether the distinction is meaningful in this case.

3

## II. DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Applicable substantive law identifies which facts are material in a given case.[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Clark, 929 F.2d at 608. Evidence presented by the

---

[4] The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

4

movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

## B. Merits of Plaintiff's Claims

Defendants argue that Plaintiff has no due process claim for the "random, unauthorized" deprivation of his property because: 1) the loss was unpredictable, and therefore pre-deprivation due process would have been impossible; and 2) Plaintiff has an adequate post-deprivation remedy in state court, which satisfies the due process requirement and renders Plaintiff's purported constitutional claim incognizable. (Doc. no. 19, p. 3 (citing Parratt, 451 U.S. at 541 and O.C.G.A. § 44-12-152)). Labeling this case as brought under 42 U.S.C. § 1983 (see footnote 3, *supra*), Defendants rely on the well-settled principle of § 1983 law that the deprivation of a constitutionally protected property interest by a state employee's random, unauthorized conduct does not give rise to a procedural due process claim, unless the state has failed to provide a post-deprivation remedy. See Parratt, 451 U.S.

5

at 543, *overruled in part by* Daniels v. Williams, 474 U.S. 327, 330-31(1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984). Parratt dealt with negligent deprivations of property, and explained that negligence is not a recognized basis for recovery in a § 1983 action. Parratt, 451 U.S. at 543; see also Daniels, 474 U.S. at 330-31 (1986). Hudson later extended that holding by explaining that post-deprivation remedies may provide due process where the deprivation was intentional, rather than negligent, so long as it was random and unauthorized. Hudson, 468 U.S. at 533. Thus, if a post-deprivation remedy exists, a state prisoner's claim regarding the random loss of property does not give rise to a due process claim, regardless of whether a negligent or intentional act by a state employee led to the deprivation. Here, as Defendant points out, Georgia clearly offers a post-deprivation remedy in tort for loss of property. See Byrd v. Stewart, 803 F.2d 1168, 1170 (11th Cir. 1986)(*per curiam*), *vacated on other grounds by*, 811 F.2d 554 (11th Cir. 1987)(*per curiam*); see also O.C.G.A. §§ 51-10-1 & 44-12-152.

However, Plaintiff was not a state prisoner at the time of the property loss; neither were Defendants acting under color of state law. As Judge Bowen has explained, "maintaining custody of *federal* prisoners is neither a power 'possessed by virtue of *state* law' nor one that has been 'traditionally exclusively reserved to the *state.*' The authority to maintain custody of federal prisoners is one created by federal law and reserved solely to the federal government." (Doc. no. 28, p. 2 (quoting Sarro v. Cornell Corrections, Inc., 248 F. Supp.2d 52, 64 (D.R.I. 2003)). Accordingly, the Court must decide if the doctrine explained in Parratt/Hudson can apply in the federal prisoner/private prison context presented in the instant Bivens case. It does.

### 1. The Doctrine Explained in Parratt/Hudson Applies to Federal Prisoners.

The Eleventh Circuit has explained that Parratt and Hudson apply to Fifth Amendment due process claims brought by federal prisoners. See Rodriguez-Mora v. Baker, 792 F.2d 1524, 1526-1528 (11th Cir. 1986)(*per curiam*). In Rodriguez-Mora, a federal prisoner accused Baker, a Deputy United States Marshal, of taking his ring. Id. at 1525. Noting that Baker was a federal official, the Eleventh Circuit explained:

> If Baker was acting without authorization, the existence of a postdeprivation remedy under the FTCA [Federal Tort Claims Act] will preclude the Fifth Amendment challenge.

Id. at 1527. Thus, under Rodriguez-Mora, it would appear that Plaintiff's Bivens[5] claim is barred if he has an adequate post-deprivation remedy, either under the Federal Tort Claims Act ("FTCA") or in the Georgia state courts. Id.

### 2. Plaintiff Has an Adequate Post-Deprivation Remedy.

As explained, Georgia law provides a remedy in tort for negligent or intentional deprivations of property. Of course, unlike the state prisoner context, it is unclear if Defendants will be amenable to suit in state court since they were acting under color of federal law. At any rate, the distinction need not distress the Court. Defendants contend that they are amenable to suit in state court (doc. no. 19, pp. 3-4); if they are not, it is likely that a claim lies against the United States under the FTCA. See 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same

---

[5] The Court is aware that there may be some question whether a Bivens claim may lie for a violation of procedural due process. See Rodriguez-Mora, 792 F.2d at 1528 n.2. Regardless, if Plaintiff suffered no violation of his rights under the Due Process Clause of Fifth Amendment, he cannot recover--irrespective of whether such an action is cognizable.

manner and to the same extent as a private individual under like circumstances. . . ."). Without belaboring the point, it is clear that federal prisoners in private facilities have a variety of avenues by which to bring tort claims apart from Bivens. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 72-74 (2001)(describing availability of tort remedies to federal prisoners in private prisons); Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103-04 (9th Cir. 2004)(same). Plaintiff does not contend otherwise. Accordingly, the Court determines that Plaintiff's Fifth Amendment rights have not been violated and that this case should be dismissed.

### III. CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion (doc. no. 18) be **GRANTED,** that Plaintiff's claims against Defendants be **DISMISSED**, that an appropriate judgment of dismissal be **ENTERED** in favor of Defendants, and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 26th day of May, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

8

# United States District Court
## Southern District of Georgia

**ATTORNEYS SERVED:**

Miguel Padilla, Pro-se
Stephen E. Curry, Esq.

CASE NO: CV304-011
DATE SERVED: May 26, 2005
SERVED BY: Cindy Reynolds

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate